PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

FILED
FEB 2 6 2024
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE __EASTERN__ DISTRICT OF TEXAS
__LUFKIN__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__JOSHUA LYNN STEWART__
PETITIONER
(Full name of Petitioner)

__POLUNSKY UNIT__
CURRENT PLACE OF CONFINEMENT

vs.

__#02011441__
PRISONER ID NUMBER

__1:24CV00206 RP__
CASE NUMBER
(Supplied by the District Court Clerk)

__BRIAN COLLIER__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

☑ A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
☐ Other: _____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: ~~[illegible strikethrough]~~
HARRIS COUNTY - 184th District Court

2. Date of judgment of conviction: 7/15/15

3. Length of sentence: 45 years

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 6629455, 58794594, and 65454182. —
1st Degree Murder

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☐ Not Guilty   ☐ Guilty   ☒ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☐ Yes   ☒ No

9. If you did appeal, in what appellate court did you file your direct appeal? N/A

   Cause Number (if known): N/A

   What was the result of your direct appeal (affirmed, modified or reversed)? N/A

   What was the date of that decision? N/A

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: N/A

   Result: N/A

   Date of result: N/A   Cause Number (if known): N/A

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: N/A

   Date of result: N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 184th District Court

    Nature of proceeding: 1st Degree Murder

    Cause number (if known): 1402903

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: 10/23/23

Grounds raised: INVOLUNTARY PLEA, THE TRIAL COURTS ERRED, HIS RIGHT TO A FAIR TRIAL WAS DENIED, HE RECEIVED INEFFECTIVE ASSISTANCE with counsel, and due Process rights violated

Date of final decision: January 25, 2024

What was the decision? DENIED

Name of court that issued the final decision: 184th District Court

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

    (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

    (b) Give the date and length of the sentence to be served in the future: N/A

    (c)  Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☑ No

**Parole Revocation:**

13. Date and location of your parole revocation: ___N/A___

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☑ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☑ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☑ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: ___N/A___

    Disciplinary case number: ___N/A___

    What was the nature of the disciplinary charge against you? ___N/A___

18. Date you were found guilty of the disciplinary violation: ___N/A___

    Did you lose previously earned good-time days?  ☐ Yes  ☑ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: ___N/A___

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: ___N/A___

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☐ Yes  ☑ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: ___N/A___

Date of Result: __N/A__

Step 2  Result: __N/A__

Date of Result: __N/A__

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** I am contending U.S. Const. 14th Amend. **DUE PROCESS** violation based on: "INVOLUNTARY PLEA"

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   The trial court had failed to inform him of his waiver and defendant was induced to enter a plea bargain by the prospect of later appealing denial of suppression motion. Trial court never advised appellant that the effect of his stipulations to the commission of the offense would be to foreclose his right to appeal the pretrial matters raised in motion to suppress. Appellant's plea was induced by the understanding that the matters raised by his motion to suppress would be appealable. Defendant's plea bargain could not have been entered knowingly and voluntarily, because it was induced by an agreement, approved by the trial court, that a question could be appealed when the agreement could not be fulfilled and, thus, was **INVOLUNTARY!** Applicant asserts that had he been advised of the consequences of his plea of guilt such as; the content WAIVER, its contents as in the effects of the waiver of his constitutional Rights, He would have not pled guilty.

   And, Instead, He would have most certainly proceeded to continue TRIAL.

B. **GROUND TWO:** I am contending that my conviction was void and improperly rests on involuntary confession in violation of the U.S. Const. XIV Amend. Due Process;

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
   Petitioner contented that trial court erred by admitting inculpatory statements, because they were obtained in violation of Miranda. Custodial Interrogator failure to advise him of his Miranda Rights (let alone satisfy the six requirements set out in Miranda. Hereafter, Defendant was also coerced into signing a waiver form completely unaware of it unaccuracies. And, because he was not given the opportunity to exercise his rights provided by Miranda, It's impossible for him to have had freely, knowingly, and Intelligently waive his V Amend. Right against self-Incrimination. Therefore, Waiver shouldn't have been admitted into evidence due to its Inadmissibility. The inadmissible statements were admitted into evidence and to be used against him at his trial. The trial Court automatically denied petitioner's motion suppress without making a independent and reliable determination of the voluntariness and thereafter, He was convicted. Prior to Conviction, There was no Burden of Proof at all presented by the Prosecutor to Prove by a preponderance of evidence that confession as well as waiver was intelligently, knowingly, and voluntary made due to "insufficient Evidence" and State having nothing besides Inadmissible statements to hold conviction.

-6-

C. **GROUND THREE:** I am contending XIV Amend. Due Process violation based on: Trial Court failure to determine the voluntariness of involuntary confession prior to admission into evidence before the jury as required by JACKSON-Rule.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Applicant moved to suppress involuntary confession and suppression was denied without a Reliable determination of its voluntariness. Trial Judge gave improper hearing on the issue of the voluntariness of his confession by merely overruling the admission of voluntariness due to the fact of his outcome being oppositely different, thereby having to give proper hearing on the issue of voluntariness, make an independent and reliable determination on the record that must appear with unmistakable clarity and (Grant) having to Grant his motion to Suppress Confession.

D. **GROUND FOUR:** I'm contending U.S. CONST. VI and XIV Amend. Due Process Violation based upon "Ineffective assistance of Counsel" and "Right to have a fair Trial."

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Counsel failed to communicate original plea bargain proffered by the State Prosecutor and, thereby, his poor misrepresentation and erroneous advice fell below the Standard of reasonableness under prevailing professional norms. Prior to Trial, Counsel failed to inform defendant of original plea bargain proffered by the State, which was fourty years. Yet, Instead misled defendant (with erroneous advice) into believing "fourty-Five" years was the only offer on the table. Hereafter, defendant suppression was overruled, He was coerced into taking the invalid plea bargain. During guilt phase, while being faultly admonished, Trial counsel interferred presiding Judge (after presiding Judge stated he was being sentenced to fourty years) totally interrupting the process as if he was correcting the Trial Judge by stating that "No, Excuse me, you honor, but the plea offer is actually fourty-five years", having the Trial Judge to scratch out the original offer which, of course (was unknown to me due to mental Discombobulation) and writing fourty-Five years as my sentence. Due to Counsel Poor misrepresentation and Erroneous advice, Invalid Plea bargain should have never been approved and accepted by the State, because the original plea offer was never communicated to defendant. And, Had the defendant been properly informed of original plea offer, he would have possibly taken the original offer or proceeded to go to TRIAL.

21. Relief sought in this petition: I am requesting and would like for this petition to grant me relief by allowing me reversal and to overturn my sentence and Conviction please. May God Bless whom in the hands of this petition more than ever. Amen.

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
   If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

   N/A

   If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?  ☐ Yes  ☒ No

   If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

   N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

   If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.  N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: N/A
   (b) At arraignment and plea: Robert K. Loper
   (c) At trial: Robert K. Loper
   (d) At sentencing: Robert K. Loper
   (e) On appeal: N/A
   (f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A__

---

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

    N/A

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

   (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____N/A_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__FEBRUARY 22, 2024__ (month, day, year).

Executed (signed) on __2/22/24__ (date).

_____[signature]_____
Signature of Petitioner (required)

Petitioner's current address: __3872 FM 350 S, LIVINGSTON, TX. 77351__